UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>FOR THE USE AND BENEFIT OF<br>SYSKA HENNESSY GROUP<br>CONSTRUCTION, INC.<br><br>v.<br><br>GEORGE D. BLACK, SR., d.b.a. INFINITY<br>INDIVIDUAL SURETY, et al. | *<br><br>*<br><br>*<br>*   Case No.: 1:06CV00486<br>*<br><br>*<br><br>* |

**PLAINTIFF'S LCvR 16.3 AND RULE 26(f) MEET AND CONFER STATEMENT**
_____

**COMES NOW** the Plaintiff, the United States of America for the use and benefit of **SYSKA HENNESSY GROUP CONSTRUCTION, INC. *("Syska")*** by and through its attorneys *Jeffrey R. Schmieler, Brian E. Hoffman, and Saunders & Schmieler, P.C.* and pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LCvR 16.3 and files this Meet and Confer Statement, and in support thereof further states:

1. The Plaintiff recorded a judgment against Defendant I.I.T.S. LLC in the United States District Court for the District of Columbia on November 15, 2006.

2. A Motion For Oral Examination in Aid of Enforcement is pending with respect to Defendant I.I.T.S. so that the Plaintiff might investigate that Defendant's assets in aid of enforcement of the judgment.

3. With respect to Defendant George Black d/b/a Infinity Individual Surety, (hereinafter "Black") the Court accepted an untimely Answer filed by this Defendant on November 30, 2006.

4. Defendant Black is proceeding *pro se* and no attorney has entered an appearance on his behalf.

5. Under LCvR 16.3(d), the instant report must be submitted by the attorneys of record and any unrepresented parties.

6. On December 11, 2006, counsel for the Plaintiff contacted Defendant Black for the purpose of conducting the Rule 16.3 conference of parties. During said telephone discussion, Defendant Black informed Plaintiff that he was represented by a Mr. Douglas Green, 600 Texas Street, Fort Worth, TX 76102. Defendant Black further instructed the undersigned that he refused to participate in any conference, and that all communications must be through his attorney Mr. Green. Before hanging up, the undersigned attorney related to Mr. Black his understanding contained in paragraph 7 below.

7. Counsel for the Plaintiff has had many discussions with Mr. Green. Mr. Green is not Defendant Black's attorney in this case. Mr. Green has represented to the undersigned on several occasions that he is not barred in the instant Court or in the District of Columbia. Mr. Green as further represented that he does not intend to enter his appearance in this case. Mr. Green has further represented that he is not Defendant Black's attorney in this case, but rather, that he is a friend of Defendant Black, and as a courtesy to him, agreed to handle some phone calls on his behalf.

8. The Plaintiff hereby certifies, as required by LCvR 16.3(d), that efforts were made to secure Defendant Black's participation in the required conference and the instant report, and that Defendant Black refused to participate.

9. The Plaintiff therefore submits its own Report and Proposed Order to the Court as follows:

A. This action is predicated upon a Breach of Contract and Action for Payment Bond under the Miller Act, 40 U.S.C. § 3133(b) et seq. On September 30, 2004, Defendant IITS entered into a contract with the United State Department of Agriculture for the Test Evaluation Room Renovation Project for the USDA, Project # APHIS-04-055 ("the Project"), located in the District of Columbia. The Project involved the renovation of the Evaluation Room in the USDA South Building 7, Sublevel Room 0722, Washington, D.C. In order to secure its payment obligations on the Project, and as required by the Miller Act, IITS supplied a payment bond for the Project, Bond No.: 50-32KW-055, issued by Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety. On November 23, 2004, Defendant IITS entered into a subcontract with the Plaintiff for the Plaintiff to perform certain work associated with the Project. The Plaintiff fully performed under the subcontract. To date, the Plaintiff has not received any payment for its performance of the Subcontract nor for any work on the Project.

B. The Plaintiff believes that it will succeed on an eventual dispositive motion, as it is undisputed that it was never paid for the project by any Defendant. Presently, the Plaintiff intends to file a dispositive motion subsequent to discovery.

C. The Plaintiff has learned that the payment bond was secured by a lien on real property owned not by Defendant Black, but rather by a third party. The Plaintiff seeks leave of the Court to file an Amended

       Complaint to add this third party as a Defendant.

D.     The Plaintiff believes that this matter will benefit from assignment to a Magistrate Judge for all purposes, including trial.

E.     Presently, the Defendant has provided no indication of any willingness to settle this matter.

F.     Because the Defendant is presently refusing to discuss this matter with the Plaintiff as described *supra*, the Plaintiff does not believe that this matter will benefit from ADR.

G.     The Plaintiff does intend to file a Motion for Summary Judgment, during, or at the close of discovery. Although the Plaintiff has not received any Answer filed by Defendant Black, it is not aware of any bone fide defense, and does not believe that it is disputed that no one has paid the Plaintiff for the Project.

H.     The Plaintiff prays that the Court will enter an order dispensing with the initial disclosures required by Rule 26(a)(1) and stands ready to immediately conduct written discovery. The Plaintiff prays that the Court will immediately enter a Scheduling Order.

I.     **The Plaintiff presently does not anticipate that any party will designate expert witnesses for this matter, therefore, Rule 26(a)(2) should not apply.** However, dates for expert discovery are nevertheless provided in the attached proposed scheduling order. The Plaintiff recommends that the proposed scheduling order be revised

        should any party name wish to name an expert witness.

J.    The Plaintiff does not consider this matter to be a complex case, and therefore does not recommend that bifurcation would facilitate the management of this case.

K.    The Plaintiff requests that a trial date be scheduled and firmly set at the first scheduling conference. The Plaintiff requests that a scheduling conference be set immediately so that discovery may commence.

L.    The Plaintiff prays that the Court enter the attached Proposed Scheduling Order.

Respectfully submitted,

**SAUNDERS & SCHMIELER, P.C.**

_____/s/_____
Jeffrey R. Schmieler, #035964
Brian E. Hoffman, #473860
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify, that a copy of the foregoing Plaintiff's Meet and Confer Statement, postage pre-paid, first class mail, this **12th** day of **December, 2006,** to the following:

Mr. George D. Black, Sr.
2000 East Lamar Blvd.
#600
Arlington , TX 76006

Douglas Greene, Esquire
600 Texas Street
Fort Worth, TX 76102

Mr. Alan Smith
I.I.T.S., L.L.C.
1090 Vermont Avenue, N.W.
Washington, D.C. 20005

                                                                                          /s/
                                                                   Brian E. Hoffman

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**                           *

**FOR THE USE AND BENEFIT OF**
**SYSKA HENNESSY GROUP**          *
**CONSTRUCTION, INC.**

                                                                                      *

**v.**                                                                    Case No.: **1:06CV00486**

                                                                                      *

**GEORGE D. BLACK, SR., d.b.a. INFINITY**
**INDIVIDUAL SURETY, et al.**          *

                                                                                      *

## SCHEDULING ORDER
_____

      **UPON CONSIDERATION** of Defendant United States of America for the Use and Benefit of Syska Hennessy Group Construction, Inc.'s Meet and Confer Statement, it is hereby

      **ORDERED** that this matter proceed in accordance with the below dates and deadlines:

| | |
|---|---|
| Amendment of Pleadings/Add Parties | February 28, 2007 |
| Plaintiff Identify Experts | March 30, 2007 |
| Defendant Identify Experts | April 30, 2007 |
| Plaintiff Identify Rebuttal Experts | May 30, 2007 |
| Discovery Closes | June 30, 2007 |
| Dispositive Motions Due | July 30, 2007 |
| Pre-Trial Conference | August 30, 2007 |
| Trial Commences | October 30, 2007 |

      **ENTERED** this _____ day of _____, 2006.

                                                  _____
                                                  Judge Richard W. Roberts
                                                  United States District Court for the District of Columbia

Copies to:

Jeffrey R. Schmieler, Esquire
Brian E. Hoffman, Esquire
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910

Mr. George D. Black, Sr.
2000 East Lamar Blvd.
#600
Arlington , TX 76006

Douglas Greene, Esquire
600 Texas Street
Fort Worth, TX 76102

Mr. Alan Smith
I.I.T.S., L.L.C.
1090 Vermont Avenue, N.W.
Washington, D.C. 20005