UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



**SYSKA HENNESSY GROUP CONSTRUCTION, INC.**
(*United States of America for the use and benefit of*)

v.

**GEORGE D. BLACK, SR**
*doing business as*

**INFINITY INDIVIDUAL SURETY**

and

**I.I.T.S., LLC**

CASE NUMBER 1:06CV0486-RWR

## DEFENDANT GEORGE D. BLACK'S ANSWER TO COMPLAINT

COMES NOW, the defendant, George D. Black, doing business as Infinity Individual Surety and answers the complaint pro se in the above captioned case as follows:

### Parties, Jurisdiction and Venue

1. The defendant does not deny paragraph 1-6 of the complaint as agrees with the plaintiffs jurisdictional assertions.

### Background facts

2. The defendant would agree that Plaintiff's complaint paragraph #7-10 are correct and accurate.

3. The defendant would deny the assertions contained in plaintiff's complaint paragraph #11 as defendant has no knowledge of those assertions and would request specific proof thereof.

4. The defendant would deny the assertions contained in plaintiff's complaint paragraph #12 as defendant has no knowledge of those assertions and would request specific proof thereof.

5. The defendant would deny the assertions contained in plaintiff's complaint paragraph #13 as defendant has no knowledge of those assertions and would request specific proof thereof.

6. The defendant would deny the assertions contained in plaintiff's complaint paragraph #14 as defendant has no knowledge of those assertions and would request specific proof thereof.

7. The defendant would deny the assertions contained in plaintiff's complaint paragraph #15 as defendant has no knowledge of those assertions and would request specific proof thereof.

8. The defendant would deny the assertions contained in plaintiff's complaint paragraph #16 as defendant has no knowledge of those assertions and would request specific proof thereof.

9. The defendant would deny the assertions contained in plaintiff's complaint paragraph #17 as defendant has no knowledge of those assertions and would request specific proof thereof.

## Count #1 Response

10. The defendant would deny the assertions contained in plaintiff's complaint paragraph #19 as defendant has no knowledge of those assertions and would request specific proof thereof.

11. The defendant would deny the assertions contained in plaintiff's complaint paragraph #20 as defendant has no knowledge of those assertions and would request specific proof thereof.

12. The defendant would deny the assertions contained in plaintiff's complaint paragraph #21 as defendant has no knowledge of those assertions and would request specific proof thereof.

13. The defendant would deny the assertions contained in plaintiff's complaint paragraph #22.

14. The defendant would deny the assertions contained in plaintiff's complaint paragraph #23 as defendant has no knowledge of those assertions and would request specific proof thereof.

### Count #2 Response

15. The defendant would deny the assertions contained in plaintiff's complaint paragraph's 25-30 as defendant has no knowledge of those assertions and would request specific proof thereof.

### Affirmative Defense

16. Defendant is not liable to Plaintiff because of fraud. Specifically, it is believed that the co-defendant I.I.T.S was awarded the herein referred to government contract under the minority contractor provisions established by the United States Department of Agriculture.

17. It is believed that the co-defendant in collusion with the Plaintiff, in an attempt to subvert the spirit of this minority contract, used defendant I.I.T.S. as the perverbial "straw man" to receive this award, unbeknownst to the defendant Black or his company Infinity Individual Surety. Upon application for the defendant Black to be the surety for his company, co-defendant I.I.T.S. through its owner, Felipe Wright, with the full knowledge and approval of the plaintiff, misrepresented to the defendant that his company, I.I.T.S. was handling this contract, using its own in-house personnel in compliance with the provisions under which this minority contract was awarded.

18. It is believed that the plaintiff and the co-defendant entered into an agreement to misrepresent who they actually were to the defendant and to the government through the Department of Agriculture, in order to fraudulently induce his company into agreeing to become the surety for their venture.

19. It is also believed based on plaintiff's assertion in complaint paragraph #11, that the plaintiff and the co-defendant improperly agreed to perform certain additional change order work in this matter, without the knowledge or approval of the defendant as required by the surety agreement in this matter.

20. Because of these misrepresentations, the plaintiff and the co-defendant with malice and the intent to defraud the government as well as the defendant, have resulted in the defendant having to respond to this law suit and its resulting damages.

21. Because of the above actions by the plaintiff in cooperation with the co-defendant, the surety contract between the defendant Black and the plaintiff was fraudulent and illegal. Moreover by dealing with the co-defendant I.I.T.S., the plaintiff assumed the risk of not being paid, if in fact he has not been paid.

## Cross-claim

21. Defendant Black, doing business as Infinity Individual Surety, hereby incorporates the defendant's answers contained in paragraphs #1-#20 as if fully set forth herein.

22. Co-defendant, I.I.T.S. is liable to the defendant Black, doing business as Infinity Individual Surety, because he has attempted to defraud the defendant as alleged above. Any contract entered into by Defendant Black was illegal.

23. Any damages suffered by Defendant Black should be attributable to co-defendant I.I.T.S.

WHEREFORE, the defendant asks the court to render judgment against the plaintiff, dismiss plaintiff's suit with prejudice, assess costs against the plaintiff, render judgment for the defendant against plaintiff, render judgment against co-defendant, I.I,T.S. for $89,543, and award defendant all other relief to which he is entitled.

Respectfully submitted,

_____
George D. Black
Dba Infinity Individual Surety
Pro Se Defendant
2000 E. Lamar Blvd #600
Arlington, TX. 76006
(817)847-4567
(817)847-5767 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion has been delivered by facsimile to William Hutchings, Jr. attorney for Plaintiff, Syska Hennessy Group Construction, Inc., on this the <u>27th</u> day of September, 2006.

_____
George D. Black

*Leave to file granted.*
*Amhurst, U.S.M.J*
*12-6-06*

# Infinity Surety

George D. Black, Sr.
2000 E. Lamar Blvd #600
Arlington, TX. 76006
(817)847-4567; (817)847-5767 (fax)

Clerk of Court
United States District Court
District of Columbia
333 Constitution Ave. N.W.
Washington, D.C. 20001

September 27, 2006

SENT AGAIN
VIA FEDERAL EXPRESS
TRACKING NUMBER
7915 9187 4201

Re: **SYSKA HENNESSY GROUP CONSTRUCTION, INC. V. GEORGE D. BLACK, SR.
d.b.a INFINITY INDIVIDUAL SURETY et.al
Cause no: 1:06CV0046-RWR**

**Dear Clerk:**

Please accept for filing my enclosed pro se answer to the complaint filed against myself and my company in the above captioned matter. I have enclosed one original and three copies. Please file stamp one copy and return it to me in the enclosed self addressed stamped envelope.

Thank you for your anticipated prompt attention to this matter.

Respectfully,

George D. Black, Sr.
Infinity Surety