UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SYSKA HENNESSY GROUP CONSTRUCTION, INC.** | * * | |
| v. | * | Case No.: 1:06CV00486 |
| **GEORGE D. BLACK, SR., d.b.a. INFINITY INDIVIDUAL SURETY** | * * | |
| and | * | |
| **I.I.T.S., L.L.C.** | * | |
| and | * | |
| **L. CLIFFORD DAVIS** 600 Texas Street Second Floor Fort Worth, Texas 76102 | * * | |

**AMENDED COMPLAINT**

**COMES NOW** the Plaintiff, the United States of America for the use and benefit of **SYSKA HENNESSY GROUP CONSTRUCTION, INC. *("Syska")*** by and through its attorneys *Jeffrey R. Schmieler, Brian E. Hoffman, and Saunders & Schmieler, P.C.* and sues the Defendants **GEORGE D. BLACK, SR., d.b.a. INFINITY INDIVIDUAL SURETY (*"Surety"*)**, **L. CLIFFORD DAVIS**, and **I.I.T.S., L.L.C. *("IITS")*** and alleges as follows:

**Parties, Jurisdiction and Venue**

1.  Plaintiff, Syska Hennessy Group Construction, Inc. ("Syska") is a corporation

organized and existing under the laws of the state of New York, with its principal place of business located in New York, New York.

2. Defendant George D. Black d.b.a. Infinity Individual Surety, ("Black") is a resident of the state of Texas.

3. Defendant I.I.T.S., L.L.C. ("IITS") is a limited liability company organized and existing under the laws of the state of Maryland with its principal place of business located in Washington, D.C.

4. Defendant IITS maintains no resident agent in the District of Columbia and is not registered to conduct business in the District of Columbia.

5. Defendant L. Clifford Davis ("Davis") is a resident of the state of Texas.

6. This Court has subject matter jurisdiction over this dispute pursuant to 40 U.S.C. § 3133(b) and 28 U.S.C.§ 1331 and 1332.

7. Venue is appropriate in this Court pursuant to 40 U.S.C. § 3133(b) as the project and performance that is the source of this dispute is located in the judicial district of the District of Columbia.

**Background Facts**

8. On or about September 30, 2004, Defendant IITS entered into a contract with the United State Department of Agriculture for the Test Evaluation Room Renovation Project for the USDA, Project # APHIS-04-055 ("the Project"), located in the District of Columbia.

9. The Project involved the renovation of the Evaluation Room in the USDA South Building 7, Sublevel Room 0722, Washington, D.C., including the furnishing of labor, materials, appliances, and equipment necessary to remove cabinets, install sinks, and appliances, and to perform other work as described in said primary contract.

10. On January 21, 2005, in order to secure its payment obligations on the Project, and as required by the Miller Act, IITS supplied a payment bond for the Project, Bond No.: 50-32KW-055, issued by Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant L. Clifford Davis.

11. On January 21, 2005, Defendants Black and Davis executed an Affidavit of Individual Surety, attached hereto and incorporated herein as **Exhibit 1.**

12. That said Affidavit of Individual Surety pledged real property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas as assets, owned by Defendants Davis and Black, in support of the Payment Bond.

13. As security for the Payment Bond, Defendants Black and Davis provided the Plaintiff[1] with a priority lien on real estate described as Lot 26, Block 2 Loch N. Green Addition in the City of Arlington, Tarrant County, Texas.

---

[1] The Plaintiff alerts the Court that it is copying the USDA's General Counsel's Office on these pleadings. The Plaintiff is working closely with USDA in enforcing the subject lien, but in the event that the USDA ceases its cooperation, the Plaintiff gives notice that it intends to join USDA as a Plaintiff or Defendant under Rules 19 and 20. The Miller Act requires the Plaintiff to come via "The United States of America" but offers little guidance as to the extent that the Plaintiff comes through the USA in collateral enforcement procedures.

14. As security for the Payment Bond, Defendants Black and Davis executed a signed, sealed, and notarized "Lien on Real Estate" on January 21, 2005 attached hereto and incorporated herein as **Exhibit 2**.

15. That said Lien, which is signed by Defendant Davis and co-signed by Defendant Black states as follows:

> I agree that this instrument constitutes a lien in the amount of $93,000.00, the property located at Lot 26, Block 2 Loch N. Green Addition to the City of Arlington, Tarrant County, Texas. The rights of the United States Government shall take precedence over any subsequent lien of encumbrance until the lien is formally released by a duly authorized representative of the United States. I hereby grant the United States the power of sale of subject property, including legal fees associated with any sale of subject property, in the event of contractor default if I otherwise fail to satisfy the underlying payment, bond obligations as Individual Surety in solicitation contract number APHIS-04-055. The lien is upon the real estate now owned by me described as follows: Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

16. That the Notary Certificate below the text referenced in the Paragraph above states that Defendant Davis "is a party or parties to a certain Agreement bearing the date January 21, 2005, and hereunto annexed."

17. The lien has never been formally released by a duly authorized representative of the United States.

18. The contractor referenced in the lien has in fact defaulted on the contract and on the payment required therein, and has otherwise defaulted as stated in the lien.

19. Defendant Davis has failed to satisfy the underlying payment and bond obligations as Individual Surety for contract number APHIS-04-055, as stated in the lien.

20. Defendant Black has failed to satisfy the underlying payment and bond obligations as Individual Surety for contract number APHIS-04-055, as stated in the lien.

21. On November 23, 2004, Defendant IITS entered into a subcontract with Syska (the "Subcontract") for Syska to perform certain work associated with the Project, including the furnishing of labor, materials, appliances, and equipment necessary to remove cabinets, install sinks, and appliances, and to perform other work as described in said primary contract.

22. During the course of the Project, Syska performed certain additional change order work on the Project at the direction and under the supervision of IITS.

23. Syska fully and satisfactorily completed all of the work required under its Subcontract, including the additional change orders work it was directed to perform by IITS.

24. More than ninety (90) days have passed since Syska's last work on the Project.

25. The total value of Syska's work on the Project, including the change order work directed by IITS, is $89,543.00.

26. To date, Syska has not received any payment for its performance of the Subcontract nor for any work on the Project.

27. Despite proper demand, Defendant IITS has refused to pay Syska the monies due and owing in connection with its work on the Project.

28. Despite proper demand, Defendant Black has refused to pay Syska the

monies due and owing in connection with its work on the Project.

29. Despite proper demand, Defendant Davis has refused to pay Syska the monies due and owing in connection with its work on the Project.

30. All conditions necessary to bringing this action have been satisfied.

## Count I
(Action on Payment Bond - Defendant Black)

31. Syska hereby incorporates paragraphs 1-30 as if fully set forth herein.

32. Defendant IITS has failed to promptly make payments due Syska in connection with its work on the Project and under the Subcontract in the amount of $89,543.00.

33. Defendant IITS's actions are wrongful and constitute a breach of the Subcontract and a default thereon.

34. Syska is owed $89,543.00 for labor and materials supplied in the prosecution of the work on the Project.

35. As IITS's Miller Act surety, Defendant Black is liable under the IITS payment bond for the unpaid amounts due Syska under its Subcontract.

36. Pursuant to the terms of the Subcontract and the IITS payment bond, Defendant Black is liable for Syska's reasonable attorneys' fees, costs, charges and expenses associated with this action.

*WHEREFORE*, Syska hereby demands judgment against Defendant **GEORGE D. BLACK, SR., d.b.a. INFINITY INDIVIDUAL SURETY** in the amount of $89,543.00, plus

reasonable attorneys' fees, costs, charges, expenses, interest and such further relief as this Court deems appropriate.

### Count II
(Action on Payment Bond - Defendant Davis)

37. Plaintiff hereby incorporates paragraphs 1-36 as if fully set forth herein.

38. Defendant IITS has failed to promptly make payments due Syska in connection with its work on the Project and under the Subcontract in the amount of $89,543.00.

39. Defendant IITS's actions are wrongful and constitute a breach of the Subcontract and a default thereon.

40. Syska is owed $89,543.00 for labor and materials supplied in the prosecution of the work on the Project.

41. As IITS's Miller Act surety, Defendant Davis is liable under the IITS payment bond for the unpaid amounts due Syska under its Subcontract.

42. Pursuant to the terms of the Subcontract and the IITS payment bond, Defendant Davis is liable for Syska's reasonable attorneys' fees, costs, charges and expenses associated with this action.

*WHEREFORE*, Syska hereby demands judgment against Defendant **L. Clifford Davis** in the amount of $89,543.00, plus reasonable attorneys' fees, costs, charges, expenses, interest and such further relief as this Court deems appropriate.

### Count III

(Breach of Contract, Breach of Surety, Breach of Lien Contract - Defendant Davis)

43. The Plaintiff hereby incorporates paragraphs 1-42 as if fully set forth herein.

44. Defendant Davis violated and materially breached the terms of the Miller Act, 40 U.S.C. § 3133(b) *et seq.*, the terms of his Individual Surety, and the terms of the Payment Bond by failing to retain the security and collateral for the Payment Bond, namely, the real estate described herein, until duly released by the Plaintiff and/or United States.

45. Defendant Davis materially breached the terms of his Lien on Real Estate by failing to retain the security and collateral for the Payment Bond, namely, the real estate described herein, until duly released by the Plaintiff and/or United States.

46. Defendant Davis materially breached the terms of his Lien on Real Estate by failing to perfect the Lien on Real Estate for the property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas, failing to file the Lien among the land records of Tarrant County, Texas, failing to place subsequent buyers of the property on notice of the Lien and encumbrance, and failing to disclose the lien to potential and subsequent purchasers of the property, and otherwise failing to perfect the lien and obey the laws of Tarrant County, Texas.

47. Defendant Davis's material breaches directly and proximately caused damage to the Plaintiff.

**WHEREFORE**, Syska hereby demands judgment against Defendant **L. Clifford Davis** in the amount of $89,543.00, plus reasonable attorneys' fees, costs, charges, expenses, interest and such further relief as this Court deems appropriate.

## Count IV

(Establishment and Enforcement of Lien on Real Property - Defendant Davis)

48. Plaintiff hereby incorporates paragraphs 1-47 as if fully set forth herein.

49. As security for the Payment Bond, Defendant Davis provided the Plaintiff with a priority lien on real estate described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas.

50. As security for the Payment Bond, Defendant Davis executed a signed, sealed, and notarized "Lien on Real Estate" on January 21, 2005 attached hereto and incorporated herein as **Exhibit 2**.

51. That said Lien, which is signed by Defendant Davis states as follows:

> I agree that this instrument constitutes a lien in the amount of $93,000.00, the property located at Lot 26, Block 2 Loch N. Green Addition to the City of Arlington, Tarrant County, Texas. The rights of the United States Government shall take precedence over any subsequent lien of encumbrance until the lien is formally released by a duly authorized representative of the United States. I hereby grant the United States the power of sale of subject property, including legal fees associated with any sale of subject property, in the event of contractor default if I otherwise fail to satisfy the underlying payment, bond obligations as Individual Surety in solicitation contract number APHIS-04-055. The lien is upon the real estate now owned by me described as follows: Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

52. That the Notary Certificate below the text referenced in the Paragraph above states that Defendant Davis "is a party or parties to a certain Agreement bearing the date January 21, 2005, and hereunto annexed."

53. The lien has never been formally released by a duly authorized

representative of the United States.

54. The contractor referenced in the lien, namely Defendant IITS, has in fact defaulted on the contract and on the payment required therein, and has otherwise defaulted as stated in the lien.

55. Defendant Davis has failed to satisfy the underlying payment and bond obligations as Individual Surety for contract number APHIS-04-055, as stated in the lien.

56. Defendant Black has failed to satisfy the underlying payment and bond obligations as Individual Surety for contract number APHIS-04-055, as stated in the lien.

**WHEREFORE**, Plaintiff hereby demands that this Honorable Court:

A. Establish a Lien against Defendant Davis's property and any improvements thereon, described in the Lien on Real Estate as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas in the sum of $93,000.00;

B. Enforce and activate the Lien on Real Estate executed by Defendant Davis by ordering a Lien on Defendant Davis's property and any improvements thereon, described in the Lien on Real Estate as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas in the sum of $93,000.00;

C. Establish a lien on any and all other property and interest in any property owned by Defendant Davis in the amount of $93,000.00;

D. Enter an Order Enforcing the Lien on Real Estate and any improvements thereon, described in the Lien on Real Estate as Lot 26, Block 2 Loch N.

    Green Addition in the city of Arlington, Tarrant County, Texas and directing the land and improvements be sold unless the Lien is paid and satisfied by Defendant Davis on or before a date specified by the Court;

E. Grant the costs of this action and attorney fees for enforcement of the Lien as agreed to in the Lien on Real Estate.

### Count V

(Breach of Contract - Defendant IITS)

57. Plaintiff hereby incorporates paragraphs 1-56 as if fully set forth herein.

58. On or about November 23, 2004 Defendant IITS subcontracted with the Plaintiff for the Plaintiff to perform improvements to United State Department of Agriculture's Evaluation Room in the USDA South Building 7, Sublevel Room 0722, Washington, D.C., in furtherance of the Test Evaluation Room Renovation Project for the USDA, Project # APHIS-04-055, Subcontract # IITS-04-SH-0001.

59. Subsequent to supplemental change order agreements, the amount of said Subcontract was $89,543.00.

60. Plaintiff fully complied with all terms of said Subcontract and fully and timely performed all labor and supplied all materials called for under the terms of the Subcontract.

61. To date, and despite multiple and timely demand for payment, Defendant IITS has failed to remit payment to Plaintiff of the contract amount of $89,543.00 as required by the Subcontract.

62. By failing to pay Plaintiff the balance due on the Subcontract, Defendant

IITS has and continues to materially breach the Subcontract and all Supplemental Subcontract Task Order Agreements.

63. And Defendant IITS otherwise materially breached the Subcontract and all Supplemental Subcontract Task Order Agreements.

**WHEREFORE**, the Plaintiff demands judgment against Defendant **IITS** in the amount of $89,543.00, pre-judgment interest, post-judgment interest, attorney fees, and any other damages this Court deems just and equitable.

### JURY DEMAND

Plaintiff respectfully requests trial by jury.

Respectfully submitted,

*SAUNDERS & SCHMIELER, P.C.*

_____/s/_____
Jeffrey R. Schmieler, #035964
Brian E. Hoffman, #473860
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify, that a copy of the foregoing Amended Complaint, was mailed, postage pre-paid, via first class mail, this **21st** day of **December, 2006,** to the following:

Mr. George D. Black, Sr.
2000 East Lamar Blvd.
#600
Arlington , TX 76006

Douglas Greene, Esquire
600 Texas Street
Fort Worth, TX 76102

Mr. Alan Smith
President
I.I.T.S., L.L.C.
1090 Vermont Avenue, N.W.
Washington, D.C. 20005

Mark G. Garrett, Esquire
Attorney-Advisor
United States Department of Agriculture
Office of the General Counsel - General Law Division
1400 Independence Ave., S.W.
Room 3311, South Building
Washington, D.C.  20250-1415

                                                                               /s/
                                           **Brian E. Hoffman**