UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SYSKA HENNESSY GROUP
CONSTRUCTION, INC.
(*United States of America
for the use and benefit of*)

v.                                          1:06CV0046
                                            Hogan, Judge

GEORGE D. BLACK, SR
*doing business as*

INFINITY INDIVIDUAL SURETY

and

I.I.T.S., LLC

and

L. CLIFFORD DAVIS

## DEFENDANT L. CLIFFORD DAVIS' ANSWER TO COMPLAINT

COMES NOW, the defendant, L. Clifford Davis, and answers the complaint in the above captioned case as follows:

### Parties, Jurisdiction and Venue

1. The defendant does not deny paragraph 1-6 of the complaint as agrees with the plaintiffs jurisdictional assertions.

### Background facts

2. The defendant would agree that Plaintiff's complaint paragraph #7-10 are correct and accurate.

3. The defendant would deny the assertions contained in plaintiff's complaint paragraph #11 as defendant has no knowledge of those assertions and would request specific proof thereof.

4. The defendant would deny the assertions contained in plaintiff's complaint paragraph #12 as defendant has no knowledge of those assertions and would request specific proof thereof.

5. The defendant would deny the assertions contained in plaintiff's complaint paragraph #13 as defendant has no knowledge of those assertions and would request specific proof thereof.

6. The defendant would deny the assertions contained in plaintiff's complaint paragraph #14 as defendant has no knowledge of those assertions and would request specific proof thereof.

7. The defendant would deny the assertions contained in plaintiff's complaint paragraph #15 as defendant has no knowledge of those assertions and would request specific proof thereof.

8. The defendant would deny the assertions contained in plaintiff's complaint paragraph #16 as defendant has no knowledge of those assertions and would request specific proof thereof.

9. The defendant would deny the assertions contained in plaintiff's complaint paragraph #17 as defendant has no knowledge of those assertions and would request specific proof thereof.

### Count #1 Response

10. The defendant would deny the assertions contained in plaintiff's complaint paragraph #19 as defendant has no knowledge of those assertions and would request specific proof thereof.

11. The defendant would deny the assertions contained in plaintiff's complaint paragraph #20 as defendant has no knowledge of those assertions and would request specific proof thereof.

12. The defendant would deny the assertions contained in plaintiff's complaint paragraph #21 as defendant has no knowledge of those assertions and would request specific proof thereof.

13. The defendant would deny the assertions contained in plaintiff's complaint

paragraph #22.

14. The defendant would deny the assertions contained in plaintiff's complaint paragraph #23 as defendant has no knowledge of those assertions and would request specific proof thereof.

### Count #2 Response

15. The defendant would deny the assertions contained in plaintiff's complaint paragraph's 25-30 as defendant has no knowledge of those assertions and would request specific proof thereof.

### Affirmative Defense

16. Defendant is not liable to Plaintiff because of fraud. Specifically, it is believed that the co-defendant I.I.T.S was awarded the herein referred to government contract under the minority contractor provisions established by the United States Department of Agriculture.

17. It is believed that the co-defendant in collusion with the Plaintiff, in an attempt to subvert the spirit of this minority contract, used defendant I.I.T.S. as the perverbial "straw man" to receive this award, unbeknownst to the defendant Black or Davis or Black's company Infinity Individual Surety. Upon application for the defendant Black to be the surety for his company, co-defendant I.I.T.S. through its owner, Felipe Wright, with the full knowledge and approval of the plaintiff, misrepresented to the defendant that his company, I.I.T.S. was handling this contract, using its own in-house personnel in compliance with the provisions under which this minority contract was awarded.

18. It is believed that the plaintiff and the co-defendant entered into an agreement to misrepresent who they actually were to the defendant and to the government through the

3

Department of Agriculture, in order to fraudulently induce his company into agreeing to become the surety for their venture.

19. It is also believed based on plaintiff's assertion in complaint paragraph #11, that the plaintiff and the co-defendant improperly agreed to perform certain additional change order work in this matter, without the knowledge or approval of the defendant as required by the surety agreement in this matter.

20. Because of these misrepresentations, the plaintiff and the co-defendant with malice and the intent to defraud the government as well as the defendant, have resulted in the defendant having to respond to this law suit and its resulting damages.

21. Because of the above actions by the plaintiff in cooperation with the co-defendant, the surety contract between the defendant Black and the plaintiff was fraudulent and illegal. Moreover by dealing with the co-defendant I.I.T.S., the plaintiff assumed the risk of not being paid, if in fact he has not been paid.

### Cross-claim as to IITS

21. Defendant Davis, hereby incorporates the defendant's answers contained in paragraphs #1-#20 as if fully set forth herein.

22. Co-defendant, I.I.T.S. is liable to the defendant's Davis and Black doing business as Infinity Individual Surety, because he has attempted to defraud the defendant as alleged above. Any contract entered into by Defendant Black was illegal.

23. Defendant Davis asserts that IITS's actions constituted a breach of contract with respect to their duties owed to Davis when IITS failed to pay Plaintiff monies it received from the Department of Agriculture for work performed as stated in the Amended Complaint.

24. Defendant Davis seeks indemnification and contribution from Defendnt IITS for

4

their breaches as aforesaid.

24. Defendant Davis also requests judgment against defendant I.I.T.S.

WHEREFORE, the defendant asks the court to render judgment against the plaintiff, dismiss plaintiff's suit with prejudice, assess costs against the plaintiff, render judgment for the defendant against plaintiff, render judgment against co-defendant, I.I,T.S. for $89,543 on the cross claim, and award defendant all other relief to which he is entitled.

Respectfully submitted,
L. Clifford Davis

/Kenneth D. Bynum
Kenneth D. Bynum
Bynum and Jenkins, PLLC
901 North Pitt Street, Suite 320
Alexandria, VA 22314
(703) 549-7211
(703) 549-7701

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing motion has been delivered by facsimile to Brian Hoffman attorney for Plaintiff, Syska Hennessy Group Construction, Inc., on this the 4th day of May, 2007.

/Kenneth D. Bynum
Kenneth D. Bynum

5