## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SYSKA HENNESSY GROUP CONSTRUCTION, INC.** | * * * | |
| **v.** | * | **Case No.: 1:06CV00486** |
| **GEORGE D. BLACK, SR., d.b.a. INFINITY INDIVIDUAL SURETY, et al.** | * * | |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS DAVIS AND BLACK d.b.a. INFINITY INDIVIDUAL SURETY

**COMES NOW** the Plaintiff, the United States of America for the use and benefit

of **SYSKA HENNESSY GROUP CONSTRUCTION, INC.** *("Syska")* by and through its

attorneys *Jeffrey R. Schmieler, Brian E. Hoffman, and Saunders & Schmieler, P.C.* and

in accordance with Rule 56 of the Federal Rules of Civil Procedure and LCvR 7(h),

moves this Court for Summary Judgment in favor of the Plaintiff with respect to

Defendants Davis and Black t/a Infinity Individual Surety, for the reasons as noted in the

attached Memorandum of Points and Authorities.

Respectfully submitted,

**SAUNDERS & SCHMIELER, P.C.**

  /s/Brian E. Hoffman
Jeffrey R. Schmieler, #035964
Brian E. Hoffman, #473860
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073
**Counsel for Plaintiff**

LAW OFFICES
UNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

AREA CODE 301
588-7717

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **FOR THE USE AND BENEFIT OF** | | |
| **SYSKA HENNESSY GROUP** | * | |
| **CONSTRUCTION, INC.** | | |
| | * | |
| **v.** | * | **Case No.: 1:06CV00486** |
| **GEORGE D. BLACK, SR., d.b.a. INFINITY** | * | |
| **INDIVIDUAL SURETY, et al.** | | |
| | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

_____

**COMES NOW** the Plaintiff, the United States of America for the use and benefit of **SYSKA HENNESSY GROUP CONSTRUCTION, INC.** *("Syska")* by and through its attorneys *Jeffrey R. Schmieler, Brian E. Hoffman, and Saunders & Schmieler, P.C.* and in accordance with Rule 56 of the Federal Rules of Civil Procedure and LCvR 7(h), submits this memorandum of points and authorities in support of its Motion for Summary Judgment in favor of the Plaintiff with respect to Defendants Davis and Black t/a Infinity Individual Surety, and in support thereof states as follows:

### INTRODUCTION

A judgment has already been entered in favor of the Plaintiff and against Defendant IITS, and this motion deals solely with the claims against the remaining Defendants, Davis and Black t/a Infinity Individual Surety.

This action is predicated upon a Breach of Contract and Action for Payment Bond under the Miller Act, 40 U.S.C. § 3133(b) et seq. On September 30, 2004, Defendant

LAW OFFICES
UNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

___

AREA CODE 301
588-7717

IITS entered into a contract with the United State Department of Agriculture for the Test Evaluation Room Renovation Project for the USDA, Project # APHIS-04-055 ("the Project"), located in the District of Columbia. The Project involved the renovation of the Evaluation Room in the USDA South Building 7, Sub-level Room 0722, Washington, D.C.

In order to secure its payment obligations on the Project, and as required by the Miller Act, IITS supplied a payment bond for the Project, Bond No.: 50-32KW-055, issued by Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety, and Defendant L. Clifford Davis. On January 21, 2005, Defendants Black and Davis executed an Affidavit of Individual Surety. Said Affidavit of Individual Surety pledged real property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas as assets, owned by Defendants Davis and Black, in support of the Payment Bond.

As security for the Payment Bond, Defendants Black and Davis provided the Plaintiff with a priority lien on real estate described as Lot 26, Block 2 Loch N. Green Addition in the City of Arlington, Tarrant County, Texas, which was memorialized in a signed, sealed, and notarized "Lien on Real Estate" on January 21, 2005. That said Lien, which is signed by Defendant Davis and co-signed by

Defendant Black states as follows:

> I agree that this instrument constitutes a lien in the amount of $93,000.00, the property located at Lot 26, Block 2 Loch N. Green Addition to the City of Arlington, Tarrant County, Texas. The rights of the United States Government shall take precedence over any subsequent lien of encumbrance until the lien is formally released by a duly authorized representative of the United States. I hereby grant the United States the power of sale of subject property, including legal fees associated with any sale of subject property, in the event of contractor default if I otherwise fail to satisfy the underlying payment, bond obligations as

LAW OFFICES
UNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

AREA CODE 301
588-7717

Individual Surety in solicitation contract number APHIS-04-055.  The lien is upon the real estate now owned by me described as follows:  Lot 26, Block 2 Loch N. Green Addition to the city of Arlington,  Tarrant County, Texas.

The lien has never been formally released by a duly authorized representative of the United States.

On November 23, 2004, Defendant IITS entered into a subcontract with the Plaintiff for the Plaintiff to perform certain work associated with the Project. The Plaintiff fully performed under the subcontract.  To date, the Plaintiff has not received any payment for its performance of the Subcontract nor for any work on the Project.  The contractor referenced in the lien has in fact defaulted on the contract.

and on the payment required therein, and has otherwise defaulted as stated in the lien.

Defendants Davis and Black  have failed to satisfy the underlying payment and bond obligations as Individual Surety for contract number APHIS-04-055, as stated in the lien.  More than ninety (90) days have passed since Syska's last work on the Project. The total value of Syska's work on the Project, including the change orders work directed by IITS, is $89,543.00.  Despite proper demand, Defendants Black and Davis have refused to pay Syska the monies due and owing in connection with its work on the Project.

On June 28, 2007, Plaintiff served Defendants Davis and Black with Requests for Admission pursuant to Rule 36.  Counsel for Defendants acknowledged receipt of the Requests for Admissions several times, and service is not disputed.  As a courtesy to Defense counsel, and in furtherance of settlement discussions, Plaintiff granted the

LAW OFFICES
UNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

———

AREA CODE 301
588-7717

Defendants an extension of time to respond to the Requests for Admissions, until August 15, 2007. To date, despite the extension of time granted by the Plaintiff, the Defendants have still not responded to the Requests for Production, causing them to be admitted by operation of law.

### STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides for motions for summary judgment in certain instances. Specifically, Rule 56(c) provides that

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F.R.C.P. 56(c).

The threshold inquiry, therefore, is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). To permit a ruling on Summary Judgment, there must be no "genuine issues of material fact. Id. at 247-48. Of course, "the substantive law will identify which facts are material." Id. at 248.

The Supreme Court has explained that a movant for summary judgment need not support the motion with evidence negating the opponent's case; rather, once the movant establishes that there is an absence of evidence to support the non-movant's case, the burden is on the non-movant to make a showing sufficient to establish each element as to which that party will have the burden of proof at trial. See Celotex Corp. v. Catrett, 477

LAW OFFICES
JNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
SILVER SPRING, MD 20910

—

AREA CODE 301
588-7717

4

U.S. 317, 322-25, 91 L. Ed. 2d. 265, 106 S. Ct. 2548 (1986).

Once the burden shifts, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L.Ed. 2d. 538, 106 S. Ct. 1348 (1986) (quoting Rule 56(e)). A party must do more than simply show some "metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Stated another way, "if the record, taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Friou v. Phillips Petroleum Co., 948 F.2d 972, 974 (5th Cir. 1991) (citing Matsushita, 475 U.S. at 587).

## ARGUMENT

Rule 36 of the Federal Rules of Civil Procedure allows a party to serve upon any other party a written request for the admission of the truth of any matters and the genuineness of documents within the scope of Rule 26(b)(1) as set forth in the request that relate to statements or opinions of fact or of the application of law to a fact. See Fed. R. Civ. P. 36(a). As discussed in the Introduction, pursuant to Rule 36, Plaintiff served upon the Defendants Requests for Admissions which are now overdue.

> According to Rule 36(a), with respect to Requests for Admission:
> The matter is admitted unless, withing 30 days after service of the
> request, or within such shorter or longer time as the court may
> allow or as the parties may agree to in writing, subject to Rule 29,
> the party to whom the request is directed serves upon the party
> requesting the admission a written answer or objection addressed
> to the matter, signed by the party or by the party's attorney.
> Fed. R. Civ. P. 36(a).

LAW OFFICES
JNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
SILVER SPRING, MD 20910

—

AREA CODE 301
588-7717

5

In the case at hand, the court has not allowed a period longer than thirty (30) days to respond to the Requests for Admission, nor have the parties agreed in writing to a second extension beyond the one granted by Plaintiff. The Defendants have never sent a written answer or objection to any of the Requests for Admission, making them currently late and overdue. Since well over thirty days has passed since service of the Requests for Admission, as well as the extension granted by Plaintiff, they are admitted pursuant to Rule 36(a). See Fed. R. Civ. P. 36(a).

### I. Undisputed Facts

According to Rule 36(b), "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Thus, since the matters raised in Plaintiff's Requests for Admission are admitted by operation of Rule 36(a), they are conclusively established by operation of Rule 36(b). Henceforth, the following are undisputed facts as admitted by the Defendants. Attached hereto and incorporated herein as **Exhibit 1**, are the Requests for Admissions of Fact and Genuineness of Documents served upon Defendant Black, including the exhibits therein, and attached hereto and incorporated herein as **Exhibit 2**, are the Requests for Admissions of Fact and Genuineness of Documents served upon Defendant Davis, including the exhibits therein.

The following facts have been admitted by Defendant Black (some numbers do not necessarily correspond with those enumerating the Requests for Admissions):

LAW OFFICES
JNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

———

AREA CODE 301
588-7717

6

1.      That on January 21, 2005, IITS supplied a payment bond for the Project, Bond No.: 50-32KW-055, issued by Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant L. Clifford Davis.

2.      That on January 21, 2005, IITS supplied a payment bond for the Project, Bond No.: 50-32KW-055, issued by Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety.

3.      That on January 21, 2005, IITS supplied a payment bond for the Project, Bond No.: 50-32KW-055, issued by Defendant George D. Black, Sr.

4.      That Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety was a surety for the Project.

5.      That Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety was a surety for Defendant IITS for the Project.

6.      That Defendant L. Clifford Davis was a surety for the Project.

7.      That Defendant L. Clifford Davis was a surety for Defendant IITS for the Project.

8.      That on January 21, 2005, Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant L. Clifford Davis executed the Affidavit of Individual Surety, attached to the Requests for Admissions and to the Amended Complaint as Exhibit 1.

9.      That on January 21, 2005, Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety executed the Affidavit of Individual Surety, attached to the Requests for Admissions and to the Amended Complaint as Exhibit 1.

10.     That Exhibit 1 is a genuine, authentic, and true photocopy of the Affidavit of Individual Surety for the Project.

11.     That he executed Exhibit 1.

12.     That he prepared Exhibit 1.

13.     That he typed Exhibit 1.

14.     That the signature appearing on Exhibit 1 is his signature.

15.     That the signature appearing on Exhibit 1 is Defendant Clifford Davis's signature.

16.     That he assisted in the preparation of Exhibit 1.

17.     That he reviewed Exhibit 1 at the time it was prepared.

18.     That he approved Exhibit 1 at the time it was prepared.

19.     That he authorized the preparation of Exhibit 1.

20.     That he authorized the submission of Exhibit 1 in connection with the Project.

21.     That the contents of Exhibit 1 are accurate.

22.     That the contents of Exhibit 1 are truthful.

23.     That the corporate seal appearing on Exhibit 1 is the corporate seal of Infinity Individual Surety.

24.     That Exhibit 1 pledged to the United States real property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas as assets in support of the payment bond for the Project.

25.     That Exhibit 1 pledged to the United States real property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas as assets, controlled by Defendant George D. Black, Sr. d.b.a. Infinity Individual

LAW OFFICES
UNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
SILVER SPRING, MD 20910

AREA CODE 301
588-7717

7

Surety, in support of the payment bond for the Project.

26.   That Exhibit 1 pledged to the United States real property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas as assets, controlled by Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant L. Clifford Davis in support of the payment bond for the Project.

27.   That Exhibit 1 pledged to the United States real property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas as assets, controlled by Defendant Clifford Davis, in support of the payment bond for the Project.

28.   That he admitted in Exhibit 1 that he is a surety for the payment bond for the Project.

29.   That as security for the payment bond for the Project, Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant Clifford Davis provided the United States Government with a lien in the amount of $93,000.00 on real estate described as Lot 26, Block 2 Loch N. Green Addition in the City of Arlington, Tarrant County, Texas.

30.   That as security for the payment bond for the Project, Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety provided the United States Government with a lien in the amount of $93,000.00 on real estate described as Lot 26, Block 2 Loch N. Green Addition in the City of Arlington, Tarrant County, Texas.

31.   That as security for the payment bond for the Project L. Clifford Davis provided the United States Government with a lien in the amount of $93,000.00 on real estate described as Lot 26, Block 2 Loch N. Green Addition in the City of Arlington, Tarrant County, Texas.

32.   That Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant Clifford Davis executed the "Lien on Real Estate" attached to the Requests for Admissions and to the Amended Complaint as Exhibit 2.

33.   That he prepared Exhibit 2.

34.   That he executed Exhibit 2.

35.   That he signed Exhibit 2.

36.   That he reviewed Exhibit 2 at the time it was executed.

37.   That he authorized the execution of Exhibit 2.

38.   That he approved the execution of Exhibit 2.

39.   That he authorized the submission of Exhibit 2 in connection with the Project.

40.   That his signature appears on Exhibit 2.

41.   That Exhibit 2 is a genuine, authentic, and true photocopy of the original Lien on Real Estate.

42.   That the contents of Exhibit 2 are accurate.

43.   That the contents of Exhibit 2 are truthful.

44.   That the corporate seal appearing on Exhibit 2 is the corporate seal of Infinity Individual Surety.

45.   That he agreed in Exhibit 2 that Exhibit 2 "constitutes a lien in the amount of

LAW OFFICES
UNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
SILVER SPRING, MD 20910

—

AREA CODE 301
588-7717

8

$93,000.00, the property located at Lot 26, Block 2 Loch N. Green Addition to the City of Arlington, Tarrant County, Texas."

46.  That he agreed in Exhibit 2 that "the rights of the United States Government shall take precedence over any subsequent lien of encumbrance until the lien is formally released by a duly authorized representative of the United States."

47.  That the lien has never been formally released by a duly authorized representative of the United States.

48.  That he agreed in Exhibit 2 to "grant the United States the power of sale of subject property, including legal fees associated with any sale of subject property, in the event of contractor default if I otherwise fail to satisfy the underlying payment bond obligations as Individual Surety in solicitation/contract number APHIS-04-055."

49.  That the contractor referenced in the previous Request and in Exhibit 2 is Defendant IITS.

50.  That IITS has defaulted as referenced above and in Exhibit 2.

51.  That he has failed to satisfy the underlying payment bond obligations as individual surety in contract number APHIS-04-055.

52.  That he has "failed to satisfy the underlying payment bond obligations as individual surety in contract number APHIS-04-055", as referenced in Exhibit 2.

53.  That he stated in Exhibit 2 that "the lien is upon the real estate now owned by me described as follows:  Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas."

54.  That at the time Exhibit 2 was executed he owned Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

55.  That at the time Exhibit 2 was executed Defendant L. Clifford Davis owned Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

56.  That Defendant L. Clifford Davis still owns Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

57.  That Defendant L. Clifford Davis sold Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

58.  That Defendant L. Clifford Davis sold Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas before Exhibit 2 was formally released by a duly authorized representative of the United States.

59.  That he is not in possession, custody, or control of any document indicating that Exhibit 2 has been formally released by a duly authorized representative of the United States.

60.  That he is not in possession, custody, or control of any evidence, information, or witness indicating that Exhibit 2 has been formally released by a duly authorized representative of the United States.

61.  That he is not aware of any evidence, information, or witness indicating that Exhibit 2 has been formally released by a duly authorized representative of the United States.

62.  That Defendant IITS has never made any payment to the Plaintiff in connection with the Project.

LAW OFFICES
NDERS & SCHMIELER, P.C.
737 COLESVILLE ROAD
SUITE L-201
LVER SPRING, MD 20910

———

AREA CODE 301
588-7717

63. That he is not in possession, custody, or control of any document indicating that Defendant IITS has made any payment to the Plaintiff in connection with the Project.

64. That he is not in possession, custody, or control of any evidence, information, or witness indicating that Defendant IITS has made any payment to the Plaintiff in connection with the Project.

65. That he is not aware of any evidence, information, or witness indicating that Defendant IITS has made any payment to the Plaintiff in connection with the Project.

66. That he owes the Plaintiff $89,543.00.

67. That he owes the Plaintiff attorney fees for the prosecution of this action.

68. That he owes the Plaintiff attorney fees in connection with the collection of the $89,543.00 debt.

69. That he has not made any payment to the Plaintiff in connection with the Project.

70. That the Plaintiff has been demanding that he make payment to the Plaintiff, in the amount of at least $89,543.00 since 2005.

71. That the Plaintiff has been demanding that he make payment to the Plaintiff, in the amount of at least $89,543.00 since 2006.

72. That he owes the Plaintiff court costs in connection with this action.

73. That Exhibit 3, attached to the Requests for Admissions, is the Payment Bond for the Project.

74. That he stated on Exhibit 3 that Infinity Individual Surety is the surety for the Project.

75. That he prepared Exhibit 3.

76. That he executed Exhibit 3.

77. That he signed Exhibit 3.

78. That he reviewed Exhibit 3 at the time it was executed.

79. That he authorized the execution of Exhibit 3.

80. That he approved the execution of Exhibit 3.

81. That he authorized the submission of Exhibit 3 in connection with the Project.

82. That his signature appears on Exhibit 3.

83. That Exhibit 3 is a genuine, authentic, and true photocopy of the original Payment Bond.

84. That the contents of Exhibit 3 are accurate.

85. That the contents of Exhibit 3 are truthful.

86. That the corporate seal appearing on Exhibit 3 is the corporate seal of Infinity Individual Surety.

87. That Exhibit 3 is a Payment Bond containing a penal sum of $93,000.00.

88. That he agreed in Exhibit 3 "We the. . . Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally.  However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves

LAW OFFICES
UNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
SILVER SPRING, MD 20910

AREA CODE 301
588-7717

10

in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum."

89.  That Exhibit 4, attached to the Requests for Admissions, is the Payment Bond for the Project.

90.  That he stated on Exhibit 4 that Infinity Individual Surety is the surety for the Project.

91.  That he prepared Exhibit 4.

92.  That he executed Exhibit 4.

93.  That he signed Exhibit 4.

94.  That he reviewed Exhibit 4 at the time it was executed.

95.  That he authorized the execution of Exhibit 4.

96.  That he approved the execution of Exhibit 4.

97.  That he authorized the submission of Exhibit 4 in connection with the Project.

98.  That his signature appears on Exhibit 4.

99.  That Exhibit 4 is a genuine, authentic, and true photocopy of the original Payment Bond.

100. That the contents of Exhibit 4 are accurate.

101. That the contents of Exhibit 4 are truthful.

102. That the corporate seal appearing on Exhibit 4 is the corporate seal of Infinity Individual Surety.

103. That Exhibit 4 is a Payment Bond containing a penal sum of $93,000.00.

104. That he agreed in Exhibit 4 "We the. . . Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum."

105. That he owes the Plaintiff $93,000.00.

106. That the Plaintiff fully and satisfactorily completed all of the work required in connection with the Project.

107. That no Defendant has ever claimed that the Plaintiff has failed to perform in connection with the Project.

108. That he is not in possession, custody or control of any documentation indicating that the Plaintiff failed to perform in connection with the Project.

109. That he is not aware of any information, evidence, or witness indicating that the Plaintiff failed to perform in connection with the Project.

LAW OFFICES
JNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
SILVER SPRING, MD 20910

———

AREA CODE 301
588-7717

11

110. That he has made no payment to the Plaintiff in connection with the Project, Payment Bond, or Lien on Real Estate.

111. That he never notified any purchaser of Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas of the existence of Exhibit 2.

112. That he never notified any purchaser of Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas of the existence of the lien on the property as reflected in Exhibit 2.

113. That he never disclosed Exhibit 2 to any purchaser or potential purchaser of Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

114. That Exhibit 5, attached to the Requests for Admissions, is Infinity Surety's Certificate of Ownership for Unincorporated Business or Profession for Tarrant County, Texas.

115. That he prepared Exhibit 5.

116. That he executed Exhibit 5.

117. That he signed Exhibit 5.

118. That he reviewed Exhibit 5 at the time it was executed.

129. That he authorized the execution of Exhibit 5.

120. That he approved the execution of Exhibit 5.

121. That his signature appears on Exhibit 5.

122. That Exhibit 5 is a genuine, authentic, and true photocopy of Infinity Surety's Certificate of Ownership for Unincorporated Business or Profession for Tarrant County, Texas.

123. That the contents of Exhibit 5 are accurate.

124. That the contents of Exhibit 5 are truthful.

125. That Exhibit 6, attached to the Requests for Admissions, is Black & Davis Limited Partnership's Certificate of Ownership for Unincorporated Business or Profession for Tarrant County, Texas.

126. That he prepared Exhibit 6.

127. That he executed Exhibit 6.

128. That he signed Exhibit 6.

129. That he reviewed Exhibit 6 at the time it was executed.

130. That he authorized the execution of Exhibit 6.

131. That he approved the execution of Exhibit 6.

132. That his signature appears on Exhibit 6.

133. That Exhibit 6 is a genuine, authentic, and true photocopy of Black & Davis Limited Partnership's Certificate of Ownership for Unincorporated Business or Profession for Tarrant County, Texas.

134. That the contents of Exhibit 6 are accurate.

135. That the contents of Exhibit 6 are truthful.

The following facts have been admitted by Defendant Davis (some numbers do not necessarily correspond with those enumerating the Requests for Admissions):

LAW OFFICES
NDERS & SCHMIELER, P.C.
737 COLESVILLE ROAD
SUITE L-201
LVER SPRING, MD 20910

AREA CODE 301
588-7717

12

1. That on January 21, 2005, IITS supplied a payment bond for the Project, Contract Numbers 50-32KW-055 and AHIS-04-055 issued by Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant L. Clifford Davis.

2. That on January 21, 2005, IITS supplied a payment bond for the Project, Contract Numbers 50-32KW-055 and AHIS-04-055, issued by Defendant L. Clifford Davis.

3. That he was a surety for the Project.

4. That he was a surety for Defendant IITS for the Project.

5. That on January 21, 2005, Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant L. Clifford Davis executed the Affidavit of Individual Surety, attached to the Requests for Admissions and to the Amended Complaint as Exhibit 1.

6. That on January 21, 2005, Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety executed the Affidavit of Individual Surety, attached to the Requests for Admissions and to the Amended Complaint as Exhibit 1.

7. That on January 21, 2005, he executed the Affidavit of Individual Surety, attached to the Requests for Admissions and to the Amended Complaint as Exhibit 1.

8. That Exhibit 1 to the Requests for Admissions is a genuine, authentic, and true photocopy of the Affidavit of Individual Surety for the Project.

9. That he executed Exhibit 1.

10. That he prepared Exhibit 1.

11. That he typed Exhibit 1.

12. That the signature appearing on Exhibit 1 is his signature.

13. That the signature appearing on Exhibit 1 is Defendant George Black's signature.

14. That he assisted in the preparation of Exhibit 1.

15. That he reviewed Exhibit 1 at the time it was prepared.

16. That he approved Exhibit 1 at the time it was prepared.

17. That he authorized the preparation of Exhibit 1.

18. That he authorized the submission of Exhibit 1 in connection with the Project.

19. That the contents of Exhibit 1 are accurate.

20. That the contents of Exhibit 1 are truthful.

21. That the corporate seal appearing on Exhibit 1 is the corporate seal of Infinity Individual Surety.

22. That Exhibit 1 pledged to the United States real property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas as assets in support of the payment bond for the Project.

23. That Exhibit 1 pledged to the United States real property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas as assets, controlled by Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety, in support of the payment bond for the Project.

24. That Exhibit 1 pledged to the United States real property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas as assets, controlled by Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant L. Clifford Davis in support of the payment bond for the

LAW OFFICES
JNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

—

AREA CODE 301
588-7717

13

Project.

25. That Exhibit 1 pledged to the United States real property described as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas as assets, controlled by Defendant Clifford Davis, in support of the payment bond for the Project.

26. That he admitted in Exhibit 1 that he is a surety for the payment bond for the Project.

27. That as security for the payment bond for the Project, Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant Clifford Davis provided the United States Government with a lien in the amount of $93,000.00 on real estate described as Lot 26, Block 2 Loch N. Green Addition in the City of Arlington, Tarrant County, Texas.

28. That as security for the payment bond for the Project L. Clifford Davis provided the United States Government with a lien in the amount of $93,000.00 on real estate described as Lot 26, Block 2 Loch N. Green Addition in the City of Arlington, Tarrant County, Texas.

29. That Defendant George D. Black, Sr. d.b.a. Infinity Individual Surety and Defendant Clifford Davis executed the "Lien on Real Estate" attached to the Requests for Admissions and to the Amended Complaint as Exhibit 2.

30. That he prepared Exhibit 2.

31. That he executed Exhibit 2.

32. That he signed Exhibit 2.

33. That he reviewed Exhibit 2 at the time it was executed.

34. That he authorized the execution of Exhibit 2.

35. That he approved the execution of Exhibit 2.

36. That he authorized the submission of Exhibit 2 in connection with the Project.

37. That his signature appears on Exhibit 2.

38. That Exhibit 2 is a genuine, authentic, and true photocopy of the original Lien on Real Estate.

39. That the contents of Exhibit 2 are accurate.

40. That the contents of Exhibit 2 are truthful.

41. That the corporate seal appearing on Exhibit 2 is the corporate seal of Infinity Individual Surety.

42. That he agreed in Exhibit 2 that Exhibit 2 "constitutes a lien in the amount of $93,000.00, the property located at Lot 26, Block 2 Loch N. Green Addition to the City of Arlington, Tarrant County, Texas."

43. That he agreed in Exhibit 2 that "the rights of the United States Government shall take precedence over any subsequent lien of encumbrance until the lien is formally released by a duly authorized representative of the United States."

44. That the lien has never been formally released by a duly authorized representative of the United States.

45. That he agreed in Exhibit 2 to "grant the United States the power of sale of subject property, including legal fees associated with any sale of subject property, in the

LAW OFFICES
JNDERS & SCHMIELER, P.C.
3737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

AREA CODE 301
588-7717

14

event of contractor default if I otherwise fail to satisfy the underlying payment bond obligations as Individual Surety in solicitation/contract number APHIS-04-055."

46. That the contractor referenced in the previous Request and in Exhibit 2 is Defendant IITS.

47. That IITS has defaulted as referenced above and in Exhibit 2.

48. That he has failed to satisfy the underlying payment bond obligations as individual surety in contract number APHIS-04-055.

49. That he has "failed to satisfy the underlying payment bond obligations as individual surety in contract number APHIS-04-055", as referenced in Exhibit 2.

50. That he stated in Exhibit 2 that "the lien is upon the real estate now owned by me described as follows:  Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas."

51. That at the time Exhibit 2 was executed he owned Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

52. That he presently owns Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

53. That he sold Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

54. That he sold Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas before Exhibit 2 was formally released by a duly authorized representative of the United States.

55. That he sold Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas after January 9, 2007.

56. That he is not in possession, custody, or control of any document indicating that Exhibit 2 has been formally released by a duly authorized representative of the United States.

57. That he is not in possession, custody, or control of any evidence, information, or witness indicating that Exhibit 2 has been formally released by a duly authorized representative of the United States.

58. That he is not aware of any evidence, information, or witness indicating that Exhibit 2 has been formally released by a duly authorized representative of the United States.

59. That Defendant IITS has never made any payment to the Plaintiff in connection with the Project.

60. That he is not in possession, custody, or control of any document indicating that Defendant IITS has made any payment to the Plaintiff in connection with the Project.

61. That he is not in possession, custody, or control of any evidence, information, or witness indicating that Defendant IITS has made any payment to the Plaintiff in connection with the Project.

62. That he is not aware of any evidence, information, or witness indicating that Defendant IITS has made any payment to the Plaintiff in connection with the Project.

LAW OFFICES
NDERS & SCHMIELER, P.C.
3737 COLESVILLE ROAD
SUITE L-201
LVER SPRING, MD 20910

AREA CODE 301
588-7717

15

63.   That he owes the Plaintiff $89,543.00.

64.   That he owes the Plaintiff attorney fees for the prosecution of this action.

65.   That he owes the Plaintiff attorney fees in connection with the collection of the $89,543.00 debt.

66.   That he has not made any payment to the Plaintiff in connection with the Project.

67.   That the Plaintiff has been demanding that he make payment to the Plaintiff, in the amount of at least $89,543.00 since 2005.

68.   That the Plaintiff has been demanding that he make payment to the Plaintiff, in the amount of at least $89,543.00 since 2006.

69.   That he owes the Plaintiff court costs in connection with this action.

70.   That Exhibit 3, attached to the Requests for Admissions, is the Payment Bond for the Project.

71.   That he stated on Exhibit 3 that Infinity Individual Surety is the surety for the Project.

72.   That he prepared Exhibit 3.

73.   That he executed Exhibit 3.

74.   That he signed Exhibit 3.

75.   That he reviewed Exhibit 3 at the time it was executed.

76.   That he authorized the execution of Exhibit 3.

77.   That he approved the execution of Exhibit 3.

78.   That he authorized the submission of Exhibit 3 in connection with the Project.

79.   That his signature appears on Exhibit 3.

80.   That Exhibit 3 is a genuine, authentic, and true photocopy of the original Payment Bond.

81.   That the contents of Exhibit 3 are accurate.

82.   That the contents of Exhibit 3 are truthful.

83.   That the corporate seal appearing on Exhibit 3 is the corporate seal of Infinity Individual Surety.

84.   That Exhibit 3 is a Payment Bond containing a penal sum of $93,000.00.

85.   That he agreed in Exhibit 3 "We the. . . Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally.  However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us.  For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety.  If no limit of liability is indicated, the limit of liability is the full amount of the penal sum."

86.   That Exhibit 4, attached to the Requests for Admissions, is the Payment Bond for the Project.

87.   That he stated on Exhibit 4 that Infinity Individual Surety is the surety for the Project.

LAW OFFICES
JNDERS & SCHMIELER, P.C.
3737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

AREA CODE 301
588-7717

16

88. That he prepared Exhibit 4.
89. That he executed Exhibit 4.
90. That he signed Exhibit 4.
91. That he reviewed Exhibit 4 at the time it was executed.
92. That he authorized the execution of Exhibit 4.
93. That he approved the execution of Exhibit 4.
94. That he authorized the submission of Exhibit 4 in connection with the Project.
95. That his signature appears on Exhibit 4.
96. That Exhibit 4 is a genuine, authentic, and true photocopy of the original Payment Bond.
97. That the contents of Exhibit 4 are accurate.
98. That the contents of Exhibit 4 are truthful.
99. That the corporate seal appearing on Exhibit 4 is the corporate seal of Infinity Individual Surety.
100. That Exhibit 4 is a Payment Bond containing a penal sum of $93,000.00.
102. That he agreed in Exhibit 4 "We the. . . Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally.   However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us.  For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety.  If no limit of liability is indicated, the limit of liability is the full amount of the penal sum."
103. That he owes the Plaintiff $93,000.00.
104. That the Plaintiff fully and satisfactorily completed all of the work required in connection with the Project.
105. That no Defendant has ever claimed that the Plaintiff has failed to perform in connection with the Project.
106. That he is not in possession, custody or control of any documentation indicating that the Plaintiff failed to perform in connection with the Project.
107. That he is not aware of any information, evidence, or witness indicating that the Plaintiff failed to perform in connection with the Project.
108. That he has made no payment to the Plaintiff in connection with the Project, Payment Bond, or Lien on Real Estate.
112. That he never notified any purchaser of Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas of the existence of Exhibit 2.
113. That he never notified any purchaser of Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas of the existence of the lien on the property as reflected in Exhibit 2.

114. That he never disclosed Exhibit 2 to any purchaser or potential purchaser of Lot

LAW OFFICES
NDERS & SCHMIELER, P.C.
737 COLESVILLE ROAD
SUITE L-201
LVER SPRING, MD 20910

—

AREA CODE 301
588-7717

17

26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas.

115. That Exhibit 5, attached to the Requests for Admissions, is Infinity Surety's Certificate of Ownership for Unincorporated Business or Profession for Tarrant County, Texas.

116. That he prepared Exhibit 5.

117. That he executed Exhibit 5.

118. That he signed Exhibit 5.

119. That he reviewed Exhibit 5 at the time it was executed.

120. That he authorized the execution of Exhibit 5.

121. That he approved the execution of Exhibit 5.

122. That his signature appears on Exhibit 5.

123. That Exhibit 5 is a genuine, authentic, and true photocopy of Infinity Surety's Certificate of Ownership for Unincorporated Business or Profession for Tarrant County, Texas.

124. That the contents of Exhibit 5 are accurate.

125. That the contents of Exhibit 5 are truthful.

126. That Exhibit 6, attached to the Requests for Admissions, is Black & Davis Limited Partnership's Certificate of Ownership for Unincorporated Business or Profession for Tarrant County, Texas.

127. That he prepared Exhibit 6.

128. That he executed Exhibit 6.

129. That he signed Exhibit 6.

130. That he reviewed Exhibit 6 at the time it was executed.

131. That he authorized the execution of Exhibit 6.

132. That he approved the execution of Exhibit 6.

133. That his signature appears on Exhibit 6.

134. That Exhibit 6 is a genuine, authentic, and true photocopy of Black & Davis Limited Partnership's Certificate of Ownership for Unincorporated Business or Profession for Tarrant County, Texas.

135. That the contents of Exhibit 6 are accurate.

136. That the contents of Exhibit 6 are truthful.

137. That he possesses cash in the amount of at least $93,000.

138. That he possesses assets valued at least in the amount of $93,000.

139. That he earns a yearly salary.

140. That his yearly gross salary is in excess of $100,000 per year.

141. That his yearly net salary is in excess of $100,000 per year.

142. That his yearly gross income exceeds $100,000 per year.

143. That his yearly net income exceeds $100,000 per year.

144. That he presently owns more than one house.

145. That he presently owns more than one parcel of real property.

146. That he is presently a member of the Bar of the State of Texas.

147. That at the time he sold  Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas he knew that it was subject to the lien contained

LAW OFFICES
JNDERS & SCHMIELER, P.C.
3737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

—

AREA CODE 301
588-7717

18

in Exhibit 2.

148. That he sold Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas more than once.

149. That he transferred ownership of Lot 26, Block 2 Loch N. Green Addition to the city of Arlington, Tarrant County, Texas subsequent to January 21, 2005.

## II.  Plaintiff is Entitled to Judgment as a Matter of Law

The undisputed facts listed above clearly establish that the Plaintiff is entitled to summary judgment.  In accordance with Rule 56(c), the admissions on file, together with the record herein, show that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law. As such, the Plaintiff respectfully moves for Summary Judgment.

## CONCLUSION

For the reasons set forth herein, the Plaintiff **UNITED STATES OF AMERICA for the use and benefit of SYSKA HENNESSY GROUP CONSTRUCTION, INC.** requests this Honorable Court to grant the Plaintiff's Motion for Summary Judgment as there are no genuine disputes as to any material facts and the Plaintiff is entitled to judgment as a matter of law.

Defendant IITS has already made a payment in partial satisfaction of the judgment against it in the amount of $35,000.00, which, incorporating post-judgment interest, leaves an unsatisfied judgment debt in the amount of $60,742.20 as of July 2007.

Wherefore, the Plaintiff respectfully prays that this Court

1) Enter Judgment in favor of the Plaintiff and against Defendants Davis and

LAW OFFICES
UNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
SILVER SPRING, MD 20910

AREA CODE 301
588-7717

19

Black, jointly and severally, in the amount of $60,742.20, plus reasonable attorneys' fees, costs, charges, expenses, pre-judgment and post-judgment interest and such further relief as this Court deems appropriate;

2) Grant the costs of this action and attorney fees for the prosecution of this action and enforcement of the Lien as agreed to in the Lien on Real Estate, which as of July 2007 was calculated to be approximately $23,196.38;

3) Grant the Plaintiff leave to file an Affidavit subsequent to the Court's Order granting this motion, which shall contain attorney fees and costs incurred during and after July 2007, up until the date of the Order, to be added to the judgment;

4) Establish a Lien against Defendant Davis's property and any improvements thereon, described in the Lien on Real Estate as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas in the sum of $93,000.00;

5) Enforce and activate the Lien on Real Estate executed by Defendant Davis by ordering a Lien on Defendant Davis's property and any improvements thereon, described in the Lien on Real Estate as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas in the sum of $93,000.00;

6) Establish a lien on any and all other property and interest in any property owned by Defendants Davis and Black in the amount of $93,000.00;

7) Enter an Order Enforcing the Lien on Real Estate and any improvements thereon, described in the Lien on Real Estate as Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas and directing the land and improvements be sold and levied unless the Lien is paid and satisfied by Defendant Davis on or before

LAW OFFICES
ⁿNDERS & SCHMIELER, P.C.
ʒ737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

AREA CODE 301
588-7717

20

a date specified by the Court; and

8) Grant further relief in the discretion of the Court.

Respectfully submitted,

**SAUNDERS & SCHMIELER, P.C.**

 /s/ Brian E. Hoffman
Jeffrey R. Schmieler, #035964
Brian E. Hoffman, #473860
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073
**Counsel for Plaintiff**

LAW OFFICES
NDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

------

AREA CODE 301
588-7717

21

## CERTIFICATE OF SERVICE

I hereby certify, that a copy of the foregoing Plaintiff's Motion for Summary Judgment, was mailed postage pre-paid, first class mail, this **_17th_** day of **August, 2007**, to the following:


Kenneth D. Bynum, Esquire
*Bynum and Jenkins, PLLC*
901 North Pitt Street, Suite 320
Alexandria, VA 22314

Douglas C. Greene, Esquire
*GREENE LAW FIRM*
2401 Scott Ave Suite #120
Fort Worth, TX. 76103


                              /s/ Brian E. Hoffman
                              Brian E. Hoffman

LAW OFFICES
UNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
SILVER SPRING, MD 20910

———

AREA CODE 301
588-7717

22

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA            *
FOR THE USE AND BENEFIT OF
SYSKA HENNESSY GROUP                *
CONSTRUCTION, INC.

                                    *

v.                                  *          Case No.: 1:06CV00486

                                    *

GEORGE D. BLACK, SR., d.b.a. INFINITY
   INDIVIDUAL SURETY, et al.        *

                                    *

## ORDER

UPON CONSIDERATION of Plaintiff United States of America for the Use and

Benefit of Syska Hennessy Group Construction, Inc.'s Motion for Summary Judgment

Against Defendants Davis and Black d/b/a Infinity Individual Surety (hereinafter "Black"),

it is hereby

ORDERED that the Motion for Summary Judgment is Granted, and it is further

ORDERED that Judgment is hereby ordered in favor of the Plaintiff and against

Defendants Davis and Black, jointly and severally, in the amount of $60,742.20, plus

reasonable attorneys' fees, costs, charges, expenses, pre-judgment and post-judgment

interest; and it is further

ORDERED that Defendants Davis and Black shall pay the costs and attorney fees

incurred by Plaintiff for the prosecution of this action and enforcement of the Lien as

agreed to in the Lien on Real Estate, which as of July 2007 was calculated to be

approximately $23,196.38; and it is further

LAW OFFICES
UNDERS & SCHMIELER, P.C.
3737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

———

AREA CODE 301
588-7717

**ORDERED** that within fifteen (15) days of the date of this Order, the Plaintiff shall file with this Court an Affidavit of its attorney fees and costs incurred between July 2007 and the date of this Order, and that such amount shall be added to the figure represented above and to the Judgement herein, and it is further

**ORDERED** that a lien in favor of the Plaintiff in the amount of $93,000.00 is hereby established against Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas, including all improvements therein, and it is further

**ORDERED** that the "Lien on Real Estate" executed by Defendant Davis and attached to Plaintiff's Motion for Summary Judgment is hereby enforced, applied, and activated against Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas in the sum of $93,000.00, and it is further

**ORDERED** that Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas and any improvements thereon shall be attached, levied, and auctioned by the United States Marshal or other competent authority maintaining jurisdiction over said property, with proceeds in the amount of $93,000.00 payable to the Plaintiff in satisfaction of this judgment, until and unless the lien is paid and satisfied by Defendants Davis and Black;

**FURTHERMORE**, I, as Judge of the United States District Court for the District of Columbia, having jurisdiction over the case captioned above, do by this document, authorize any Judge, Magistrate, U.S. Marshal, Sheriff, or other Judicial Officer or Notary Public of the State of Texas to cause the attachment, levy, auction, and selling of Lot 26, Block 2 Loch N. Green Addition in the city of Arlington, Tarrant County, Texas and exhort

LAW OFFICES
JNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

———

AREA CODE 301
588-7717

2

them to issue a writ, judgment, order, or other process, accomplishing same, to the amount of $93,000.00 with proceeds in this amount payable to the Plaintiff in satisfaction of this judgment, until and unless the lien is paid and satisfied by Defendants Davis and Black.


_____
Judge Thomas F. Hogan
United States District Court for
the District of Columbia

Copies to:

Jeffrey R. Schmieler, Esquire
Brian E. Hoffman, Esquire
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910

Kenneth D. Bynum, Esquire
*Bynum and Jenkins, PLLC*
901 North Pitt Street, Suite 320
Alexandria, VA 22314

Douglas C. Greene, Esquire
*GREENE LAW FIRM*
2401 Scott Ave Suite #120
Fort Worth, TX. 76103

LAW OFFICES
JNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
SILVER SPRING, MD 20910

———

AREA CODE 301
588-7717

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          *
FOR THE USE AND BENEFIT OF
SYSKA HENNESSY GROUP              *
CONSTRUCTION, INC.

                                  *

v.                                          Case No.: 1:06CV00486
                                  *

GEORGE D. BLACK, SR., d.b.a. INFINITY    *
INDIVIDUAL SURETY, et al.

                                  *

### REQUEST FOR HEARING
_____

To the extent that the instant motion is opposed by the Defendants, the Plaintiff

respectfully requests a hearing on its Motion for Summary Judgment.

Respectfully submitted,

**_SAUNDERS & SCHMIELER, P.C._**

  /s/ Brian E. Hoffman
Jeffrey R. Schmieler, #035964
Brian E. Hoffman, #473860
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073
**_Counsel for Plaintiff_**

LAW OFFICES
UNDERS & SCHMIELER, P.C.
8737 COLESVILLE ROAD
SUITE L-201
ILVER SPRING, MD 20910

——

AREA CODE 301
588-7717