UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SYSKA HENNESSEY GROUP CONSTRUCTION, INC.,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**GEORGE D. BLACK, SR., d.b.a. INFINITY INDIVIDUAL SURETY, et al.,**<br><br>    **Defendants.** | Civil Action No. 06-486 (JMF) |

**MEMORANDUM ORDER**

On October 1, 2007, I granted plaintiff's motion for summary judgment. On that same day, the Clerk entered judgment in favor of plaintiff in the amount of $83,938.68 with interest at the rate of 4.03%. As of the date of this Memorandum Order, the parties are agreed that (1) the defendants have paid $35,000 in partial satisfaction of the judgment; (2) plaintiff inadvertently did not use the correct interest rate of 5% in calculating the post-judgment debt; (3) additional attorney fees in the amount of $2,666, for which defendants are responsible, have been incurred; and (4) $379.53 in interest has now accumulated upon the judgment. They therefore seek that the original judgment be vacated and a new judgment in the amount of $48,596.97 be entered in its place. That motion will be granted and **IT IS ORDERED** that the judgment of October 1, 2007, is vacated and that the clerk shall enter the following judgment instead:

>This action came on for hearing before the Court, the Honorable John M. Facciola, Magistrate Judge presiding, and the issues having been duly heard and a decision having been duly rendered,

**IT IS ORDERED** and **ADJUDGED** that the plaintiff Syska Hennessey Group Construction, Inc., recover of the defendants Davis and Black, d.b.a Infinity Individual Surety the sum of forty-eight thousand, five hundred ninety-six dollars and ninety-seven cents ($48,596.97) with interest at the rate of 4.03%, as provided by law.

**SO ORDERED.**

The second outstanding issue before the Court is plaintiff's insistence that I authorize the sale of certain property in Texas to satisfy the judgment. Plaintiff premises my granting this authority on the local rule that authorizes a magistrate judge to "[o]rder the return or the forfeiture of collateral or surety bonds." LCvR. 72.1(a)(2). The power to authorize a sale of property in another state, however, cannot be premised on this rule. Rather, the imposition of liens is governed by statute. Under 28 U.S.C. § 1962,[1] a judgment rendered by this Court is a lien upon property located in the District of Columbia. In order to secure a lien on property in another state, plaintiff will have to register the judgment in Texas to create a lien and force a judicial sale. 28 U.S.C. § 1963; 28 U.S.C. §§ 2001-2003 (provisions as to sale of realty in execution of a judgment).

Finally, plaintiff wants leave to "periodically petition this Court to modify this judgment further by including future attorney fees incurred in enforcing the judgment." Proposed Order at 1. But, under 28 U.S.C. § 1963, only a final judgment can be registered in Texas. A judgment that changes every time plaintiff incurs more fees never becomes final and is therefore of no use to plaintiff. Plaintiff's request will therefore be denied.

/s/
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: November 19, 2007

---

[1] All citations to the United States Code are to the electronic version that appears in Westlaw or Lexis.