UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>FOR THE USE AND BENEFIT OF<br>SYSKA HENNESSY GROUP<br>CONSTRUCTION, INC.<br><br>v.<br><br>GEORGE D. BLACK, SR., d.b.a. INFINITY<br>INDIVIDUAL SURETY, et al. | *<br>*<br>*<br>*<br>*    Case No.: 1:06CV00486 (JMF)<br>*<br>*<br>* |

**PLAINTIFF'S MOTION FOR ORAL EXAMINATION DUCES TECUM OF
DEFENDANT DAVIS IN AID OF ENFORCEMENT OF JUDGMENT**
_____

**COMES NOW** the Plaintiff, the United States of America for the use and benefit of **SYSKA HENNESSY GROUP CONSTRUCTION, INC. *("Syska")*** by and through its attorneys *Jeffrey R. Schmieler, Brian E. Hoffman, and Saunders & Schmieler, P.C.* and pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, Sup. Ct. R. Civ. Prod. 69-I(b), and D.C. Code §§ 16-521(b) and 16-552(b) and moves that this Honorable Court enter an Order directing that Defendant L. Clifford Davis appear for oral examination in aid of enforcement of judgment, and that he produce at said proceeding the papers and documentation requested herein, and in support thereof further states:

    1.    The Plaintiff recorded a judgment against Defendant L. Clifford Davis in the United States District Court for the District of Columbia on October 1, 2007.

    2.    On November 20, 2007 the Court entered a revised judgment by consent of the parties.

3.	Although Defendant IITS has made a partial payment of the judgment against IITS, no payment has ever been received from Defendant Davis in satisfaction of the judgment, and no payments have been received from Defendant Davis on the outstanding judgment amount.

4.	No previous oral examination of Defendant Davis has been held.

5.	Federal Rule of Civil Procedure 69(a) holds that the proceedings supplementary to and in aid of a judgment and execution of judgments shall be in accordance with the practice and procedure of the state in which the district court is held, and further, that in aid of the judgment or execution, the judgment creditor may obtain discovery from any person, including the judgment debtor, in the manner provided in the Federal Rules or in the manner provided by the practice of the state in which the district court is held.

6.	Sup. Ct. R. Civ. Prod. 69-I(a) states that the judgment creditor may note the oral examination of the judgment debtor *without Court order*. However, Sup. Ct. R. Civ. Prod. 69-I(b) requires that leave of the Court be obtained if the deponent is asked to produce papers, records, or other documentation at the oral examination.

7.	The Plaintiff requests that the Court summon Defendant Davis to appear for oral examination in the courthouse on a date certain, and to produce the documents requested herein.  Defendant Davis is represented by counsel in this case, but his last known address is  600 Texas Street, Second Floor, Fort Worth, Texas 76102.

8.	The Plaintiff prays that the Court direct Defendant Davis to produce the following documentation at the examination:

a. Statements for all bank accounts, brokerage accounts, savings accounts, investment accounts, mutual funds, investment portfolios, or any other asset account of any kind maintained by Defendant Davis from January 1, 2005 to the present;

b. Copies of all contracts, surety contracts, affidavits of surety, and other business documents under which Defendant Davis is presently performing services as a surety, guarantor, or co-signer on any surety agreement;

c. All records of accounts receivable by Defendant Davis;

d. A copy of any and all profit and loss statements, balance sheets, and cash flow statements for Defendant Davis from January 1, 2005 to the present;

e. Copies of any documents pertaining to any loans, mortgages, or lines of credit made to Defendant Davis which were active and pending for any of the past 5 years including the present;

f. A copy of all federal and state tax returns for Defendant Davis and/or his household, joint or single, for the past 5 years;

g. A copy of all deeds, plats, and contracts of sale for any property owned in whole or in part by Defendant Davis, including any real property in which Defendant Davis held any possessory or proprietary interest or title, for the past 10 years;

h. A copy of all W-2 Statements for Defendant Davis for the past 3 years.

I. All currency, un-deposited checks, checks held for delivery to third parties, bonds, stock certificates, records of mutual funds, and records of other investment accounts in the name of Defendant Davis;

j. An itemization and all documentation identifying all inventory, personal property, chattel, items, goods, objects, appliances, jewelry, artwork, and equipment owned or possessed by Defendant Davis.

k. All pay stubs of Defendant Davis for the past 3 years.

l. All documentation pertaining to all bonuses, profit sharing, equity, 401(k) contributions, pensions, and other compensation or benefits, vested or unvested, issued to, paid to, contributed to, or received by Defendant Davis for the past 5 years.

m. All other assets of Defendant Davis.

Respectfully submitted,

***SAUNDERS & SCHMIELER, P.C.***

/s/
Jeffrey R. Schmieler, #035964
Brian E. Hoffman, #473860
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910
(301) 588-7717
(301) 588-5073
***Counsel for Plaintiff***

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** \* | |
| **FOR THE USE AND BENEFIT OF** | |
| **SYSKA HENNESSY GROUP** \* | |
| **CONSTRUCTION, INC.** | |
| \* | |
| v. | Case No.: 1:06CV00486 (JMF) |
| \* | |
| **GEORGE D. BLACK, SR., d.b.a. INFINITY** | |
| **INDIVIDUAL SURETY, et al.** \* | |
| \* | |

## **LCvR 7(m) CERTIFICATE**

The undersigned counsel hereby certifies that on November 16, 2007, undersigned counsel left a detailed message for counsel for Defendant Davis. Said message comprehensively outlined the status of this case, the posture of settlement negotiations, and the instant motion for oral examination. Said message declared that the undersigned much preferred to discuss any possible consent to this motion rather than leaving a message and requested that the call be returned, but stated that the absence of a return call would be construed as absence of consent.

After 13 days transpired, the undersigned again called counsel for the Defendant on November 29, 2007 and left another message in an effort to solicit an affirmative consent or non-consent to the requested relief, and out of an abundance of caution, again stated that the absence of a return call would be construed as non-consent.

To date, the phone calls have not been returned. The undersigned further certifies that, to date, Defendant Davis has never made any payment to the Plaintiff towards the judgment against him, nor has he, through counsel, expressed any intent or willingness

to pay the entire judgment.

In prior telephone discussions, counsel for Defendant Davis stated that he was not in favor of an oral examination taking place, but did not state that he intended to file an opposition.

In addition, Defendant Davis did not file an opposition to the Plaintiff's previous motion for oral examination which was filed on November 2, 2007. Lastly, Defendant Davis has never filed any opposition to any of the motions filed by the Plaintiff, including its motion for summary judgment.

The Plaintiff also notes that Defendant Davis is represented by two attorneys at two separate law firms, each of which are copied on every filing and have fair opportunity to prepare responsive pleadings, return calls, and arrange for payment of the judgment. For these reasons, the Plaintiff has a good faith reason to believe that Defendant Davis does not intend to file an opposition to the instant motion.

___/s/_____
Brian E. Hoffman

## CERTIFICATE OF SERVICE

I hereby certify, that a copy of the foregoing Request for Order of Oral Examination, postage pre-paid, first class mail, this **30th** day of **November, 2007,** to the following:

Kenneth D. Bynum, Esquire
*Bynum and Jenkins, PLLC*
901 North Pitt Street, Suite 320
Alexandria, VA 22314

Douglas C. Greene, Esquire
*GREENE LAW FIRM*
2401 Scott Ave Suite #120
Fort Worth, TX. 76103

                                                  /s/
                                       Brian E. Hoffman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**      * <br> **FOR THE USE AND BENEFIT OF** <br> **SYSKA HENNESSY GROUP**      * <br> **CONSTRUCTION, INC.** <br>                           * <br> **v.**      * <br> **GEORGE D. BLACK, SR., d.b.a. INFINITY** <br>   **INDIVIDUAL SURETY, et al.**      * <br>      * | Case No.: 1:06CV00486 (JMF) |

### ORDER

**UPON CONSIDERATION** of Defendant United States of America for the Use and Benefit of Syska Hennessy Group Construction, Inc.'s Motion For Issuance of Order Directing Defendant Davis to Appear for Oral Examination Duces Tecum in Aid of Enforcement of Judgment, and any opposition thereto, it is hereby

**ORDERED** that the Motion be and is hereby **GRANTED**; and it is further

**ORDERED** that the Defendant L. Clifford Davis is summoned and subpoenaed to appear in person before this Court, on the _____ day of _____, 200__, at _____ A.M./P.M. to be examined under oath concerning any assets, property, or credits of the Defendant, and that the Defendant shall produce the below documents at said examination:

    a.    Statements for all bank accounts, brokerage accounts, savings accounts, investment accounts, mutual funds, investment portfolios, or any other asset account of any kind maintained by Defendant Davis from January 1, 2005 to the present;

b. Copies of all contracts, surety contracts, affidavits of surety, and other business documents under which Defendant Davis is presently performing services as a surety, guarantor, or co-signer on any surety agreement;

c. All records of accounts receivable by Defendant Davis;

d. A copy of any and all profit and loss statements, balance sheets, and cash flow statements for Defendant Davis from January 1, 2005 to the present;

e. Copies of any documents pertaining to any loans, mortgages, or lines of credit made to Defendant Davis which were active and pending for any of the past 5 years including the present;

f. A copy of all federal and state tax returns for Defendant Davis and/or his household, joint or single, for the past 5 years;

g. A copy of all deeds, plats, and contracts of sale for any property owned in whole or in part by Defendant Davis, including any real property in which Defendant Davis held any possessory or proprietary interest or title, for the past 10 years;

h. A copy of all W-2 Statements for Defendant Davis for the past 3 years.

I. All currency, un-deposited checks, checks held for delivery to third parties, bonds, stock certificates, records of mutual funds, and records of other investment accounts in the name of Defendant Davis;

j. An itemization and all documentation identifying all inventory, personal property, chattel, items, goods, objects, appliances, jewelry, artwork, and equipment owned or possessed by Defendant Davis.

k. All pay stubs of Defendant Davis for the past 3 years.

l. All documentation pertaining to all bonuses, profit sharing, equity, 401(k) contributions, pensions, and other compensation or benefits, vested or unvested, issued to, paid to, contributed to, or received by Defendant Davis for the past 5 years.

m. All other assets of Defendant Davis.

**ENTERED** this _____ day of _____, 2007.

_____
Magistrate Judge John M. Facciola
United States District Court for
the District of Columbia

Copies to:

Jeffrey R. Schmieler, Esquire
Brian E. Hoffman, Esquire
8737 Colesville Road, Suite L-201
Silver Spring, Maryland 20910

Kenneth D. Bynum, Esquire
*Bynum and Jenkins, PLLC*
901 North Pitt Street, Suite 320
Alexandria, VA 22314

Douglas C. Greene, Esquire
*GREENE LAW FIRM*
2401 Scott Ave Suite #120
Fort Worth, TX. 76103